*John Roberts, D. M. Rodman, for appellees.*

---

## JOHN WALLACE, ET AL., *v.* WILLIAM NEWELL.

**Landlord and Tenant—Lease—Covenants.**

> Where premises are leased by written lease for two years, and the lessee and others sign a covenant that the lessee will pay the rent for the first year, such other persons are not liable for the defalcation during the second year.

### APPEAL FROM MASON CIRCUIT COURT.

October 2, 1876.

OPINION BY JUDGE ELLIOTT:

This is an action on a covenant, and the plaintiff charged in his petition that defendants, Thomas Breen, John Wallace and Michael Murphy, executed said covenant, which is made a part of the petition, by which covenant they agreed with John A. Nelson to pay him a cash rent of five hundred dollars per year on or before the 10th of March, 1871, and a like sum each succeeding year on the 10th day of March. Said tract of land was held and cultivated under said lease; and the petition further averred that said Thomas Breen held and cultivated said farm until March 10, 1873, and that the rent thereof was fifteen hundred dollars ($1,500). The petition further avers that there was due on the first-year note the sum of $20, on the second the sum of $370, and for the third year the sum of $130.

By the terms of the covenant said Breen leased from said Nelson a farm in Mason county for the term of two years, beginning the 10th of March, 1870. For the payment of the rent for 1871 the appellants became Breen's surety; and it was stipulated in the lease that if Breen failed to give security for the second year's rent by the 1st day of September, 1870, then said lessor was to have the privilege of renting the farm to anybody else, and the said lease was to determine on the 10th of March, 1871. This was strictly a lease made by John A. Nelson, to Thomas Breen, and is signed by Breen alone;

and then Breen and John Wallace and Michael Murphy executed the following covenant:

"We, Thomas Breen, Michael Murphy, and John Wallace, hereby bind ourselves jointly and severally to pay John A. Nelson, administrator and guardian aforesaid, said sum of five hundred dollars, rent of said farm and premises, for the rental year ending March 10, 1871, without defalcation, and all damages that may accrue to said Nelson, for said Thomas Breen not fully complying with his terms of this lease for said first years renting of said farm. This 18th day of September, 1869."

It will be seen that by the terms of this covenant executed by appellants they only bound themselves to pay the rent of said premises for the first year, and no longer; and also they agreed to pay such damages as might result to the lessor for the failure of the said Thomas Breen to comply with the terms of his lease for said first year. It results, therefore, that there is a fatal variance between allegations of the petition and the appellants' obligation, which is filed as a part thereof; and as the appellants' covenant must control the allegations of appellee's petition so far as they are inconsistent therewith, we are of opinion that the judgment of the lower court against the appellants for four hundred dollars was erroneous. Indeed, the petition, when compared with appellants' covenant, fails to show any cause of action against them of which the circuit court had jurisdiction. The said appellants were only bound for one year's rent of the premises, and as the petition showed that all of said year's rent had been paid except twenty dollars, the plaintiff failed to show a cause of action within the jurisdiction of the court, and his petition should have been dismissed.

Wherefore said cause is *reversed* as to appellants, and remanded with directions to dismiss the plaintiff's action.

*E. C. Phister, for appellants.*
*Whitaker & Robertson, for appellee.*